1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRADFORD DICKSON,                          No.  2:13-cv-251-LKK-EFB P

12                  Petitioner,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   M.E. SPEARMAN,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C.

19   § 1915(a).  Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to

20   afford the costs of suit.

21        Through his petition for a writ of habeas corpus, petitioner challenges the district court's

22   decision in *Dickson v. Subia*, No. 2:07-cv-1232-JLR-JLW, which denied his previously filed

23   petition for a writ of habeas corpus.  *See Subia,* ECF No. 25 (magistrate judge's May 14, 2010

24   finding and recommendations to deny petition); ECF No. 28 (district judge's July 12, 2010 order

25   adopting findings and recommendations and denying petitioner's application for a writ of habeas

26   corpus).  Specifically, he asks that the court grant his petition and vacate the court's ruling in

27   *Subia*.

28   /////

1

1    Whether construed as a challenge to the district court proceedings in *Subia*, or instead, as

2    a second attack on his underlying state court conviction, this action must be dismissed.  A section

3    2254 petition must challenge state court proceedings, not federal court proceedings.  *See* 28

4    U.S.C. § 2254(d).  Thus, petitioner's use of section 2254 petition to challenge a decision of a

5    federal district court is improper.  Moreover, a petition is second or successive if it makes "claims

6    contesting the same custody imposed by the same judgment of a state court" that the petitioner

7    previously challenged, and on which the federal court issued a decision on the merits.  *Burton v.*

8    *Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before

9    filing a second or successive petition in a district court, a petitioner must obtain from the appellate

10   court "an order authorizing the district court to consider the application."  28 U.S.C.

11   § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without

12   jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. 147.

13       To the extent petitioner challenges the same judgment now that he previously challenged

14   and which was adjudicated on the merits in *Subia*, the petition now pending is second or

15   successive.  Petitioner offers no evidence that the appellate court has authorized this court to

16   consider a second or successive petition.  Since petitioner has not demonstrated that the appellate

17   court has authorized this court to consider a second or successive petition, this action must be

18   dismissed for lack of jurisdiction.  *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270,

19   1274 (9th Cir. 2001) (per curiam).

20       Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed in

21   forma pauperis (ECF No. 2) is granted.

22       Further, for the reasons stated above, it is RECOMMENDED that this action be

23   dismissed.

24       These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, any party may file written

27   objections with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2

1    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

3    his objections petitioner may address whether a certificate of appealability should issue in the

4    event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

5    Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

6    enters a final order adverse to the applicant).

7    Dated:  October 15, 2013.

8                                    EDMUND F. BRENNAN

9                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28