1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   BRADFORD DICKSON,                    No.  2:13-cv-251-LKK-EFB P

12                Petitioner,

13        v.                              ORDER AND FINDINGS AND
                                          RECOMMENDATIONS
14   M.E. SPEARMAN,

15                Respondent.

16

17        Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C.

19   § 1915(a).  Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to

20   afford the costs of suit.

21        Through his petition for a writ of habeas corpus, petitioner challenges the district court's

22   decision in *Dickson v. Subia*, No. 2:07-cv-1232-JLR-JLW, which denied his previously filed

23   petition for a writ of habeas corpus.  *See Subia,* ECF No. 25 (magistrate judge's May 14, 2010

24   finding and recommendations to deny petition); ECF No. 28 (district judge's July 12, 2010 order

25   adopting findings and recommendations and denying petitioner's application for a writ of habeas

26   corpus).  Specifically, he asks that the court grant his petition and vacate the court's ruling in

27   *Subia*.

28   /////

                                          1

Whether construed as a challenge to the district court proceedings in *Subia*, or instead, as a second attack on his underlying state court conviction, this action must be dismissed. A section 2254 petition must challenge state court proceedings, not federal court proceedings. *See* 28 U.S.C. § 2254(d). Thus, petitioner's use of section 2254 petition to challenge a decision of a federal district court is improper. Moreover, a petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

To the extent petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits in *Subia*, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further, for the reasons stated above, it is RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3