UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD DICKSON, | No. 2:13-cv-251-LKK-EFB P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 10, 2014, this court dismissed the petition as improperly challenging a decision of a federal district court and as second or successive. See ECF Nos. 7, 9. Judgment was entered on the same date and the case was closed. ECF No. 10. Petitioner now moves to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 11. He also requests the appointment of counsel. Id.

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also

1

Rule 12, Rules Governing § 2254 Proceedings.  Courts construing Federal Rule of Civil Procedure 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.  Here, petitioner fails to demonstrate circumstances warranting reconsideration.  His motion must therefore be denied.

In addition, the court takes no on petitioner's request for the appointment of counsel as this case is now closed.  Petitioner is hereby informed that the court will not respond to future filings in this action that are not authorized by the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure.

Accordingly, IT IS HEREBY ORDERED that petitioner's January 24, 2014 Rule 59(e) motion to alter the judgment (ECF No. 11) is denied.

DATED:  April 9, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT